UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-7006

WILLIAM BLOHM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-86-1184)

Submitted: April 28, 2000

Decided: May 19, 2000

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Barbara D. Kocher, Assis-
tant United States Attorney, Michael D. Bredenberg, Special Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William J. Blohm appeals from the district court's order declining to release him from the custody of the Attorney General pursuant to 18 U.S.C. § 4247(h) (1994). Blohm was originally committed under 18 U.S.C. § 4246 (1994), in 1986 when the district court found that he was "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). In order for Blohm to obtain his release following that finding, the district court must find, by a preponderance of the evidence, that he has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of harm to others. See 18 U.S.C. § 4246(e). The district court's finding will not be overturned on appeal unless it is clearly erroneous. See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Blohm concedes that he suffers from a long-standing mental illness, but he argues that there is no evidence to support a finding that he presents a substantial risk of harm to others because he has never exhibited any violent behavior, nor has he ever acted on any of his threats. However, "[o]vert acts of violence are not required to demonstrate dangerousness." United States v. S.A. , 129 F.3d 995, 1001 (8th Cir. 1997) (citing United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994)); see also United States v. Steil, 916 F.2d 485, 487-88 (8th Cir. 1990) (holding that delusions and threats were enough to prove dangerousness even though defendant never had the opportunity to act on them).

Moreover, both Blohm's treating physicians at FCI-Butner and an independent psychiatrist appointed to evaluate him concluded that Blohm continues to meet the criteria for commitment under § 4246. There is no medical opinion to the contrary in the record.

2

Because we do not find that the district court's conclusions were clearly erroneous, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3